# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| D.T., etc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 11-0094-WS-N ) |
| BALDWIN COUNTY, ALABAMA, etc., et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on the motion to dismiss filed by defendants Kolby[1] and McGowan. (Doc. 14). The parties have filed briefs in support of their respective positions, (Docs. 15, 29, 31), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

The complaint alleges that the plaintiff, as a pretrial detainee at the Baldwin County Corrections Center, was sexually assaulted by an inmate. Against the movants, the complaint alleges violations of the Eighth and Fourteenth Amendment; a Section 1983 claim for conspiracy to cover up; wantonness; and civil conspiracy under state law.[2]

---

[1] The movants state that this defendant's actual name is Kolbe but, as the plaintiff is master of his complaint, the Court utilizes the spelling employed therein.

[2] The plaintiff's claims against all other named defendants have been dismissed by agreement of the parties.

[1]

## DISCUSSION

### I. Fictitious Defendants.

The complaint lists as defendants "A-Z," who are identified only as "individual correctional officers." (Doc. 1 at 1, 4).

The movants, (Doc. 15 at 23-24), correctly note that, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a "limited exception" to this rule "when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id*. (internal quotes omitted). Simply identifying a defendant as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" does not implicate this exception, because it is "insufficient to identify the defendant among the many guards employed at CCI." *Id*. Dismissal of a purported claim against such an inadequately identified defendant is proper. *Id*. Listing fictitious defendants as "individual correctional officers" is equally insufficient. Accordingly, all claims against fictitious defendants will be dismissed, without prejudice to the plaintiff's ability to file a timely amended complaint asserting claims against additional named defendants.

### II. Eighth Amendment.

The plaintiff concedes that, as a pretrial detainee, he has no rights under the Eighth Amendment and that the motion to dismiss is well taken in this regard. (Doc. 29 at 1).

### III. Fourteenth Amendment.

This count alleges that the movants violated his rights by "failing to protect him against being raped and sexually assaulted by" the perpetrator. (Doc. 1 at 8). The movants invoke qualified immunity. (Doc. 15 at 8-9).

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[T]he burden is first on the defendant to establish that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority." *Harbert International, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). The burden then shifts to the plaintiff to show that the defendant's conduct "violated a clearly established statutory or constitutional right." *Grayden v. Rhodes*, 345 F.3d 1225, 1231 (11th Cir. 2003). The inquiry may be broken down into two parts: (1) whether the facts alleged, if true, would establish a violation of the plaintiff's rights; and (2) whether these rights were clearly established at the time of the alleged deprivation. *Id.*

The plaintiff admits that the movants "were engaged in a discretionary duties [sic] at all relevant times herein." (Doc. 29 at 6). The burden thus lies with the plaintiff to show that their conduct violated a clearly established Fourteenth Amendment right. The complaint, however, alleges no Fourteenth Amendment violation by the movants. The complaint's exhaustive statement of facts concerning the assault and events leading up to it does not allege that the movants were on duty or on site during the two days the plaintiff was incarcerated; indeed, it does not reference them at all. In fact, every reference to individuals (other than the perpetrator and other prisoners) at the facility at and before the time of the assault is to "unnamed correctional officer[s]." (Doc. 1 at 5-6, 9-10). The movants are mentioned in the complaint only with respect to their contact with the plaintiff and his parents well after the assault occurred. (*Id.* at 13-15, 17-18).[3] The facts alleged in the complaint, if true, could not possibly establish a violation of the plaintiff's Fourteenth Amendment rights by the movants, because it does not implicate them in any fashion in the events culminating in the assault. For want of an alleged

---

[3] The plaintiff's brief confirms that this claim is based exclusively on the acts and omissions of unnamed corrections officers not the movants. (Doc. 29 at 8-9 (it was the unnamed corrections officers who were deliberately indifferent to the risk of assault)).

[3]

constitutional violation by the movants, they are entitled to qualified immunity and dismissal of this claim.

**IV. Section 1983 Conspiracy.**

The movants assert protection under the intra-corporate conspiracy doctrine. (Doc. 15 at 16-17). "[U]nder that doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010) (internal quotes omitted). The doctrine "applies to public entities," *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001), and to conspiracies under Section 1983. *E.g., Rehberg v. Paulk*, 611 F.3d 828, 834, 854 (11th Cir. 2010). When the conspirators are employees of a single government entity, the intra-corporate conspiracy doctrine applies. *Id*. at 854 ("The 'conspiracy' occurred only within a government entity, and thus the intracorporate conspiracy doctrine bars Count 10 as against Paulk."); *accord Denney*, 247 F.3d at 1191 (doctrine applied when the only two conspirators were both city employees).

The complaint identifies the conspirators as McGowan, Kolby and "other unnamed Sheriff deputies at the Baldwin County Corrections Center." (Doc. 1 at 13). The complaint identifies Kolby as a deputy sheriff, (*id*. at 3), but it does not so identify McGowan, who is described only as "Lieutenant McGowan." (*Id*. at 4). It is thus not clear that McGowan is an employee of the same entity as the other conspirators. This uncertainty is enhanced by the defendants' brief, which asserts that Kolby and defendant Sheriff Huey Mack are entitled to absolute immunity under the Alabama Constitution but which does not assert that Lieutenant McGowan or defendant Major Dale Bryne are entitled to such immunity. (Doc. 15 at 19-20). Because the movants have not shown that all the conspirators were employees of a single government entity, they are not entitled to dismissal under the intra-corporate conspiracy doctrine.

The movants also argue that the complaint fails to allege that the conspirators reached an agreement among themselves. (Doc. 15 at 18). The complaint alleges that the defendants and others "conspired" to deprive the plaintiff of his constitutional rights, (Doc. 1 at 13), and the movants have not attempted to show that the verb "conspire" does not encompass the verb "agree." According to Mr. Black, to conspire is "to join a conspiracy," and a conspiracy is "[a]n agreement … to commit an unlawful act," along with other elements. Black's Law Dictionary 351, 352 (9th ed. 2009). The cases on which the movants rely do not concern pleading requirements but rather address the plaintiff's failure to produce evidence of an agreement at trial or on motion for summary judgment.

## V. Wantonness.

The complaint alleges that the defendants' conduct in failing to segregate the plaintiff from the perpetrator, after he pleaded for it, and with knowledge that the perpetrator was a convicted violent felon, breached a duty to segregate the plaintiff from the perpetrator. (Doc. 1 at 17). The movants argue that the complaint, measured by the *Twombly-Iqbal* standard, supports neither a duty on them nor a breach of any such duty by them. (Doc. 15 at 5-7, 21-23). As set forth in Part III, the complaint does not allege that the movants had the slightest involvement in anything that occurred or failed to occur prior to the assault. There is thus nothing in the complaint to make it plausible that the movants could have owed the plaintiff a duty or that they violated any such duty by "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Hicks v. Dunn*, 819 So. 2d 22, 24 (Ala. 2001). The plaintiff does not attempt to rescue this claim.

**VI. Civil Conspiracy.**

The movants merely incorporate without amplification the arguments they assert in opposition to the Section 1983 conspiracy claim. (Doc. 15 at 23). The result must therefore be the same.

**CONCLUSION**

For the reasons set forth above, the movants' motion to dismiss is **granted** with respect to the plaintiff's Eighth and Fourteenth Amendment claims and **granted** with respect to the plaintiff's wantonness claim. These claims are **dismissed**. The motion is **granted** with respect to all claims against fictitious defendants. All claims as against fictitious defendants are **dismissed without prejudice**. In all other respects, the motion to dismiss is **denied**. This action will proceed against defendants Kolby and McGowan on the plaintiff's conspiracy claims under Section 1983 and state law.[4]

DONE and ORDERED this 27th day of September, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Suit has been brought by "D.T., a minor, by and through his father and next friend, M.T." (Doc. 1 at 1). Because the age of majority in Alabama is 19 years, because the complaint reflects that D.T. was 20 years old when suit was filed, and because Rule 17(a)(1) requires that an action be prosecuted in the name of the real party in interest, the Court previously ordered the plaintiff to address the real-party-in-interest issue. (Doc. 24). The plaintiff has not done so. Accordingly, the plaintiff is **ordered** to show cause, on or before **October 10, 2011**, for his failure to comply with the Court's order.